**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**UNITED AIR LINES, INC., Defendant.**

**No. 81 C 7300.**

United States District Court,
N.D. Illinois, E.D.

Dec. 14, 1983.

---

Sally Ortner, E.E.O.C., Chicago, Ill., for plaintiff.

Linda S. Puvogel, Chicago, Ill., for defendant.

### Memorandum Order

BUA, District Judge.

Plaintiff brought the instant case claiming that the parties it represented, Karlo McArthur and Zolton Sotonyi, had been discriminated against on the basis of age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* On February 4, 1983, the Court entered summary judgment against defendant on the issue of whether defendant's mandatory retirement policy violated the ADEA. On August 24, 1983, trial was commenced before a jury to determine whether defendant's policies were a wilful violation of the ADEA and to assess the amount of damages incurred by the individual defendants. The jury found that defendant had wilfully violated the ADEA and assessed total damages in favor of McArthur in the amount of $67,523.42 and in favor of Sotonyi in the amount of $288,694.38. On August 25, 1983, judgment was entered on the jury's verdict.

On September 2, 1983, defendant filed a Motion to Alter the Judgment seeking reduction of the awards by the amounts received by the individual claimants in the form of pension and unemployment benefits. In addition, on October 28, 1983, plaintiff made a Motion for the Entry of Judgment on Equitable Issues requesting that United be required to establish a new retirement date for Mr. Sotonyi of August 25, 1983. The Court will address these issues individually.

### I. *The Motion to Alter the Judgment.*

It is the position of defendant that the individual claimant's back pay awards should be reduced by the amounts of the

pension and unemployment benefits received by them following their retirements. The parties have stipulated that following his retirement, Karlo McArthur received $4,085.90 in pension benefits and $2,524.00 in unemployment compensation. It has also been stipulated that Zolton Sotonyi received $12,970.76 in pension benefits and $2,392.00 unemployment compensation following his retirement.

Plaintiff does not contest the reduction of the awards by the amount of pension benefits received. What it does dispute, however, is the proposed reduction of the awards by the unemployment compensation received as well as defendant's proposed method of calculating the liquidated damages.

■ Under the ADEA, the trial court is given broad discretion on the question of the granting of legal or equitable relief necessary to effectuate the purposes of the Act. 29 U.S.C. § 626(b). Consistent therewith, the decision of whether to offset unemployment compensation from an award of back pay is a matter within the court's discretion. *Orzel v. Wauwatosa Fire Department,* 697 F.2d 743 (7th Cir.1983); *Syvack v. Milwaukee Boiler Mfg. Co.,* 665 F.2d 149 (7th Cir.1981); *Naton v. Bank of California,* 649 F.2d 691 (9th Cir.1981); *EEOC v. Sandia Corp.,* 639 F.2d 600 (10th Cir.1980).

■ The make-whole standard of relief is the touchstone for district courts in fashioning both legal and equitable relief under the ADEA. As under other anti-discrimination statutes, victims of age discrimination are entitled to be restored to the economic position they would have occupied but for the intervening unlawful action of the employer. *Rodriguez v. Taylor,* 569 F.2d 1231 (3rd Cir.1977).

■ In the case at bar, both Sotonyi and McArthur were employed by defendant in California at the time of their retirement. In California, individuals who receive overpayments of unemployment compensation benefits are liable to repay the amount

overpaid unless all of the following conditions exist:

(1) The overpayment was not due to fraud, misrepresentation, or wilful non-disclosure by the person.

(2) The overpayment was received without fault by the person.

(3) The recovery of the overpayment would be against equity and good conscience.

■ In the case at bar, if the claimants were not required to repay, they would be the beneficiaries of a slight windfall which would result in their being made a bit more than whole. However, it is very likely that the claimants *will* be required to repay the unemployment benefits which have been received as fewer than all of the conditions obviating repayment appear to be met. (While conditions (1) and (2) are met, it appears that requirement (3) is not, as recovery of the overpayments most likely would not be against equity and good conscience, especially in light of the instant proceedings.) Allowing claimants to recover as part of their back-pay award the amounts received in unemployment compensation would merely result in their being made whole. The Court therefore holds that the amount awarded claimants in back pay should be reduced by the amount each has received in pension benefits only, and not by the amount of unemployment compensation they have received. *See, Kauffman v. Sidereal Corp.,* 695 F.2d 343, 346 (9th Cir.1982).

■ The Court also holds that the amount of liquidated damages should be calculated before the amount of the back pay award is reduced by the amount of the pension benefits received. In the present case, both Mr. McArthur and Mr. Sotonyi were awarded full backpay in the amounts they would have earned had they not retired. In addition, each was awarded the amount of money he had expended in insurance premiums since retirement. Finally, each was awarded liquidated damages equalling the sum of his backpay and insurance premiums.

The rationale for calculating the liquidated damages in this manner is obvious. As Magistrate Goodstein noted in *Orzel v. City of Wauwatosa Fire Department*, No. C79C444 (E.D.Wis. Aug. 31, 1981), *aff'd*, 697 F.2d 743, 760 (7th Cir.1983), "To rule otherwise (and permit the reduction of the backpay award prior to the calculation of the liquidated damages thus necessarily resulting in a reduction of the liquidated damages amount) would unfairly penalize plaintiff who was under a duty to mitigate." In the exercise of its discretion, the Court therefore holds that defendant's request for mitigation of the backpay award prior to the calculation of liquidated damages must be denied and that the amount of the pension benefits received should be reduced from the total damages award.

## II. *The Motion for Entry of Judgment on Equitable Issues.*

In order to effectuate the goal of making whole those individuals adversely affected by violations of the ADEA, plaintiff has requested that the effective retirement date of Mr. Sotonyi, who does not desire to be reinstated, be established as the date of the entry of the jury's verdict, August 25, 1983, and that Mr. Sotonyi be allowed to make whatever decisions a person retiring for the first time on that date would be allowed to make. Defendant does not challenge this motion on the merits, but instead claims that plaintiff's motion is a motion filed pursuant to Fed.R.Civ.P. 59(e) which, having been filed more than 10 days after the entry of the jury's verdict, was not timely filed.

Defendant's position is meritless. As this Court has previously stated in this case, plaintiff's motion is not a Rule 59(e) motion because the judgment entered on the jury's verdict was not a final judgment. Indeed, in the pre-trial stage of this case, it was apparent that certain issues, including those discussed in part I, *supra*, would be reserved for post-trial determination. *See, Harris v. Goldblatt Bros., Inc.*, 659 F.2d 748 (7th Cir.1981).

Consistent with the purposes for affording relief under the ADEA, Mr. Sotonyi's effective date of retirement is hereby declared to be August 25, 1983. Mr. Sotonyi shall be afforded all privileges afforded individuals first retiring as of that date.

### Conclusion

For the reasons stated herein, the amount of damages awarded to Karlo McArthur shall be $63,437.52, a sum reached by subtracting the amount of pension benefits received, $4,085.90, from the total damage award of $67,523.42. The amount of damages awarded to Zolton Sotonyi shall be $275,723.54, an amount reached by taking the total amount rewarded, $288,694.30, and subtracting the amount of the pension benefits received, $12,970.76. In addition, Mr. Sotonyi's retirement date is declared to be August 25, 1983.

IT IS SO ORDERED.